# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**Docket No. _____**

In Re:   **JEROME MAURICE THOMAS,**
**Petitioner,**

v.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Respondent,**

v.

**UNITED STATES OF AMERICA,**
**Real Party in Interest.**

**FROM THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

## PETITION FOR WRIT OF MANDAMUS

**MARY LOU NEWBERGER**
**FEDERAL PUBLIC DEFENDER**

**JONATHAN D. BYRNE**
**APPELLATE COUNSEL**
United States Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia  25301
Telephone: 304/347-3350

**Counsel for Petitioner**

**SUBMITTED:** May 13, 2013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iii

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS NECESSARY
      TO UNDERSTAND THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 - 5

      A.    §3582(c)(2), recent amendments to the Guidelines, and practices in
             the Southern District of West Virginia . . . . . . . . . . . . . . . . . . 1 - 3

      B.    Proceedings in the district court in this case . . . . . . . . . . . . . 3 - 5

REASONS FOR GRANTING THE WRIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 - 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## **Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) .................... 5, 6

*Insurance Company v. Comstock*, 83 U.S. 258 (1872) ........................ 6

*In re: Hicks*, 118 Fed.Appx. 778 (4th Cir. 2005) ............................ 6

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990) .......................... 6

*Dillon v. United States*, __ U.S. __, 130 S.Ct. 2683 (2010) ................. 2

*United States v. Dago*, 441 F.3d 1238 (10th Cir. 2006) .................... 6, 7

*United States v. Dunphy*, 551 F.3d 247 (4th Cir. 2009) ...................... 2

*United States v. Ebron*, 683 F.3d 105 (5th Cir. 2012) ........................ 7

*United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995) ........................ 4

*United States v. Moussaoui*, 333 F.3d 509 (4th Cir. 2003) .................... 6

*U. S. ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502 (4th Cir. 1999) ....... 6

## **Statutes**

18 U.S.C. §3582(c)(2) ................................... 1, 2, 3, 6, 7, 8

28 U.S.C. §1651 ........................................... 5

28 U.S.C. §2255 ........................................... 6

## **Other Authorities**

Bureau of Prisons Program Statement P5100.09, Chap. 5,
    http://www.bop.gov/policy/progstat/5100_008.pdf ................ 7, 8

Bureau of Prisons, *Prison Types & General Information*
      http://www.bop.gov/locations/institutions/index.jsp  . . . . . . . . . . . . . . . . . . 8

Fair Sentencing Act of 2010, Public Law 110-220  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed.R.App.P. 21  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. §1B1.10(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S.S.G. §5A, comment. (n.2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S.S.G. App. C., Amendment 750  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## RELIEF SOUGHT

This is a petition for a writ of mandamus, pursuant to Federal Rule of Appellate Procedure 21, seeking an order directing the district court below to issue a ruling on Jerome Maurice Thomas's ("Thomas") motion for a reduced sentence under 18 U.S.C. §3582(c)(2).

## THE ISSUE PRESENTED

Whether the district court, by failing to issue a decision on Thomas's motion for a reduced sentence under §3582(c)(2) for more than three years, is "arbitrarily refus[ing] to rule on a motion," thus entitling Thomas to mandamus relief from this Court.

## STATEMENT OF FACTS NECESSARY TO UNDERSTAND THE ISSUE

This petition arises from proceedings in the district court in which Thomas seeks a reduction in his sentence due to retroactive application of amendments to the Sentencing Guidelines. As of this date, it has been nearly three-and-one-half years since the case was submitted to the district court for decision.

### A.   §3582(c)(2), recent amendments to the Guidelines, and practices in the Southern District of West Virginia

In general, a court may not alter a term of imprisonment once it has been imposed. One exception to that general rule is found in 18 U.S.C. §3582(c)(2), which allows a defendant to seek a reduced sentence where the Sentencing Guideline range under which he was sentenced has been subsequently lowered by the Sentencing Commission. The

- 1 -

district court can deny the motion or grant it and reduce the defendant's sentence, within the limits set forth by the Sentencing Commission and §3582(c)(2). See, *Dillon v. United States*, __ U.S. __, 130 S.Ct. 2683, 2677 (2010).

In 2007, the Sentencing Commission revisited the Guidelines addressing crack cocaine, effectively lowering the offense level for such offenses by two levels. It also made those amendments retroactive to otherwise final cases. See, *United States v. Dunphy*, 551 F.3d 247, 249 (4th Cir. 2009). Additionally, in the wake of the passage of the Fair Sentencing Act of 2010, Public Law 110-220, the Sentencing Commission again promulgated amended Guidelines dealing with crack cocaine offenses. U.S.S.G. App. C. Amendment 750. Those new Guidelines became effective on November 1, 2011, and were also given retroactive impact. U.S.S.G. §1B1.10(c).

To deal with the claims of defendants seeking reduced sentences under the amended Guidelines, the Southern District of West Virginia entered the Standing Order for Adoption of Standard Procedures for Petitions Seeking Retroactive Application of the 2007 Crack Cocaine Guideline Reductions (S.D. W.Va. February 6, 2008) ("2008 Standing Order") and the Standing Order for Adoption of Standard Procedures for Petitions Seeking Retroactive Application of the 2011 Crack Cocaine Guideline Reductions (S.D. W.Va. October 7, 2011) ("2011 Standing Order").[1] Both orders created

---

[1] Both orders are available online at http://www.wvsd.uscourts.gov/rules/standing/default.html (last visited May 7, 2013).

a two-track system for addressing the large number of expected §3582(c)(2) motions that would be filed in the wake of the Sentencing Commission's decisions. Under the "expedited procedure" a defendant's case would be considered based on his own motion (or a filing from the probation officer) without the appointment of counsel. 2008 Standing Order at 2-3; 2011 Standing Order at 3. Under the "standard procedure" a defendant would be appointed counsel, the parties ordered to file memoranda addressing issues of eligibility for a reduced sentence, whether such a reduction should be granted, and the extent of any reduction, after which the district court would enter an order either denying or granting the motion. 2008 Standing Order at 3-4; 2011 Standing Order at 4-5. That order would constitute a "final" order, from which a defendant could seek review from this Court. Both orders also attempted to prioritize defendants who were most likely to be eligible for immediate (or nearly immediate) release if their motions were granted. 2008 Standing Order at 4; 2011 Standing Order at 4-5.

### B.   Proceedings in the district court in this case

Thomas was convicted following a jury trial of conspiracy to distribute crack cocaine and heroin, possession with intent to distribute crack cocaine, and aiding and abetting with intent to distribute heroin, on June 23, 1994. At sentencing, the district court attributed to Thomas relevant conduct totaling 11,368.35 kilograms of marijuana equivalent (28.35 grams of heroin and 567 grams of crack cocaine), which produced a base offense level of 36. He received a two-level enhancement for possession of a

firearm, a four-level enhancement for his role in the offense, and a two-level enhancement for reckless endangerment, for a final offense level of 44. That offense level (effectively 43, per U.S.S.G. §5A, comment. (n. 2)), combined with a Criminal History Category IV, produced a Guideline sentencing "range" of life in prison. The district court imposed a sentence of life in prison on October 3, 1994. DN 334 at 3-4; DN 335 at 1; DN 352 at 1.[2] This Court affirmed Thomas's conviction and sentence on appeal. *United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995).

On March 16, 2009, the district court entered an order designating Thomas's case for the standard procedure, appointing counsel, and ordering memoranda to be filed. DN 331. The Government filed its memorandum on March 25, 2009. DN 334. In it, the Government argued that Thomas was eligible to receive a reduced sentence and that his "sentence should be lowered to a term of imprisonment of no fewer than 360 months." DN 334 at 1. Thomas filed a memorandum on April 20, 2009, in which he agreed with the Government's conclusion that he was eligible for a reduced sentence and argued for a 360-month sentence, at the bottom of the newly calculated Guideline range. DN 335. After his initial memorandum was filed, Thomas filed supplemental memoranda on May 21, 2009, and December 22, 2009, setting forth his accomplishments while incarcerated and providing documentary evidence of them. DN 336, 339.

---

[2] "DN" refers to the Docket Number of documents filed in the case below, 2:93-00196-002.

On July 17, 2012, Thomas filed a supplemental memorandum addressing his eligibility for a reduced sentence under the 2011 amendments to the Guidelines. DN 352. Thomas argued that, although the 2011 amendments did not lower his Guideline range below the range produced by the 2007 amendments, it was still lower than the sentencing "range" that was applicable at his initial sentencing. As a result, he was still eligible to have his sentence reduced to 360 months in prison, under either set of amendments. DN 352 at 2. Thomas renewed his argument for a sentence of 360 months and noted the Government's agreement that he was eligible for such a reduction. *Id.* at 3.[3]

The district court has not entered an order, under either the 2007 or 2011 amendments, granting or denying Thomas's motion for a reduced sentence. As to the 2007 amendments, the last pleading was filed on December 22, 2009 – 40 months ago. As to the 2011 amendments, the last pleading was filed on July 17, 2012 – 10 months ago.

## REASONS FOR GRANTING THE WRIT

This Court has the authority to issue extraordinary writs, such as a writ of mandamus, under the All Writs Act. 28 U.S.C. §1651. Mandamus is a "drastic" remedy that should "be invoked only in extraordinary circumstances." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to

---

[3] The Government has not filed any memorandum addressing the 2011 amendments.

- 5 -

compel it to exercise its authority when it is its duty to do so." *Id.* at 35. In order to obtain a writ of mandamus, the petitioner must show that: (1) he "has a clear and indisputable right to the relief sought;" (2) the respondent "has a clear duty to do the specific act requested;" (3) the requested act "is an official act or duty;" (4) "no other adequate means" exist to attain the relief he seeks; and (5) issuing the writ "will effect right and justice in the circumstances." *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502, 511 (4th Cir. 1999). Thomas can meet all five requirements for issuing the writ in this case.

First, Thomas has a clear and indisputable right to the relief sought – a decision resolving his §3582(c)(2) motion to reduce his sentence. The district court has "a clear duty" to do that act and it is "an official act or duty." Multiple decisions of the Supreme Court "have established the rules that mandamus 'will lie in a proper case to direct a subordinate Federal Court to decide a pending cause.'" *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)(collecting cases), quoting *Insurance Company v. Comstock*, 83 U.S. 258, 270 (1872). This Court has also recognized that mandamus "is an appropriate remedy when a district court arbitrarily refuses to rule on a motion." *United States v. Moussaoui*, 333 F.3d 509, 513, fn. 5 (4th Cir. 2003); see also, *In re: Hicks*, 118 Fed.Appx. 778 (4th Cir. 2005)(granting mandamus where motion under 28 U.S.C. §2255 had not been ruled upon in over two years); *United States v. Dago*, 441 F.3d 1238, 1249 (10th Cir. 2006)(finding no due process violation in seven-month delay in resolving §2255 motion because a "federal

prisoner . . . has other remedies available to him to combat delay. He may seek a writ of mandamus"). There is no reason evident from the record why Thomas's unopposed motion to reduce his sentence has not been resolved after more than three years.

Next, Thomas has no other adequate means to attain the relief he seeks in this petition. Had the district court ruled on Thomas's §3582(c)(2) motion, regardless of the outcome, he could seek review from this Court. However, without the entry of an order, his case hangs in legal limbo, not moving forward yet not subject to review from higher courts. He has no means to compel the district court to render a decision, aside from a directive from this Court.

Finally, issuing the writ in this case will effect right and justice. It has long been recognized that "justice delayed is justice denied." *United States v. Ebron*, 683 F.3d 105, 147 (5th Cir. 2012). In Thomas's case, the district court's delay is denying him the probability of a reduced sentence. The parties are in agreement not only that Thomas is eligible for a reduced sentence, but that he should receive one. DN 334 at 1; DN 335 at 4; DN 352 at 3. Should the district court agree and reduce his sentence, it would have profound consequences for Thomas. Most notably, it would mean he would be given a release date, a target date by which he would no longer be imprisoned. Furthermore, a reduced sentence would impact how Thomas is treated in the Bureau of Prisons with regards to placement. An inmate serving life must be confined in a high security facility, regardless of his age. Bureau of Prisons Program Statement P5100.08 at chapter 5, page

9.[4] By contrast, as an inmate with a release date moves toward the completion of his sentence he is generally transferred to lower security facilities. *Ibid.* Where an inmate is placed greatly impacts his ability to take advantage of programs and educational opportunities that will help prepare him for release. For example, while a high security facility is designed for "close control of inmate movement," a medium security facility contains "a wide variety of work and treatment programs" and a low security facility has "strong work and program components." Bureau of Prisons, *Prison Types & General Information*.[5] The longer the district court delays in making a decision in Thomas's case, the longer he is denied an opportunity to take advantage of those programs before he is released.

## CONCLUSION

It has been 40 months – more than three years – since the parties filed memoranda in Thomas's §3582(c)(2) case agreeing that he was eligible for and should receive a reduced sentence. There is no reason for such a delay in resolving the case. Thomas is entitled to mandamus relief in this extraordinary situation. This Court should issue a writ directing the district court to issue a ruling in Thomas's case without any further delay.

---

[4] The Program Statement is available online at http://www.bop.gov/policy/progstat/5100_008.pdf (last checked May 7, 2013).

[5] Available online at http://www.bop.gov/locations/institutions/index.jsp (last checked May 7, 2013).

- 8 -

Respectfully submitted,

**JEROME MAURICE THOMAS**

By Counsel

**MARY LOU NEWBERGER**
**FEDERAL PUBIC DEFENDER**

s/Jonathan D. Byrne
Jonathan D. Byrne, Appellate Counsel
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia  25301
E-mail:  jonathan_byrne@fd.org

# CERTIFICATE OF SERVICE

We hereby certify that on **May 13, 2013,** we mailed the foregoing **PETITION FOR WRIT OF MANDAMUS** by First Class Mail, postage prepaid, for delivery within three (3) calendar days, to the following participants:

    John J. Frail, Assistant United States Attorney
    P.O. Box 1713
    Charleston, West Virginia 25326
        Counsel for the United States

    Judge David A. Faber
    P. O. Box 4278
    Bluefield, West Virginia 24701-4278
        United States District Court Judge

    Jerome M. Thomas
    USM Reg. No. 04569-088
    FCI Greenville
    P. O. Box 5000
    Greenville, IL 62246
        Petitioner

    By:    **s/Mary Lou Newberger**
            Mary Lou Newberger
            Federal Public Defender
            3400 United States Courthouse
            300 Virginia Street East
            Charleston, West Virginia 25301
            Telephone: (304) 347-3350

            **s/Jonathan D. Byrne**
            Jonathan D. Byrne
            Appellate Counsel
            3400 United States Courthouse
            300 Virginia Street East
            Charleston, West Virginia 25301
            Telephone: (304) 347-3350